IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | |
| HERITAGE CHARITY AUCTION & AWARDS, INC., | JURY TRIAL DEMAND |
| Defendant. | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Rachel Garcia ("Garcia"). The Equal Employment Opportunity Commission ("EEOC") alleges that Heritage Charity Auction & Awards, Inc., ("Defendant") engaged in intentional discrimination against Garcia when it discharged her because of her actual and/or perceived disability and in retaliation for requesting a reasonable accommodation for her disability, in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Cumming, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Garcia filed a Charge of Discrimination with the EEOC alleging violations of the ADA by Defendant.

8. On May 30, 2019, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On September 18, 2019, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least January 2018, Defendant has engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b).

12. Garcia is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Garcia suffers from several mental impairments, including post-traumatic stress disorder, attention deficit hyperactivity disorder, obsessive compulsive disorder, and bipolar disorder, each of which substantially limits her in the operation of her major bodily functions, including the functions of the brain and neurological system. Garcia's mental impairments also substantially limit her in other major life activities that include, but are not limited to, concentrating, thinking, and communicating.

13. Garcia was hired by Defendant as a framer's helper in September 2017. Her job duties included putting frames together and getting them ready for pick-up by the customer or shipping.

14. Although Garcia performed her job well, in or around December 2017, Defendant informed her that she would be laid off until February because that time was the slowest time of year for them. Defendant told Garcia that they would contact her in March 2018 to see if she was available to return to work.

15. Garcia pleaded with Defendant to keep her job because she needed the income. As such, Defendant agreed to allow Garcia to try out the position of Custom Framer and gave her a raise, with the promise of another raise in 30 days, if she performed well.

16. Because Defendant provided little to no training and direction in the new position and no defined work area, Garcia struggled. Garcia's mental impairments require that she have specific and defined job instructions and stability to perform well.

17. On or around February 6, 2018, Garcia had a discussion with the Production Manager, who was also her supervisor, about her struggles in her new position. He agreed to allow Garcia to return to her old position. Also, during the discussion, Garcia disclosed that she had mental disabilities and needed an

accommodation.  Gibson told Garcia, "we just can't allow you to stay because we don't know what we are dealing with."

18. The Production Manager stated that Garcia's disclosure "was a new one on him" and implied that Garcia wanted preferential treatment.  He immediately told the Sales Manager about Garcia's request and the Sales Manager requested to meet with Garcia.

19. The Sales Manager informed Garcia that he was recording their conversation.  He told Garcia that he was informed that she had "a mental disorder of some sort that would necessitate one or two special considerations."  Garcia agreed that this is what she told her supervisor.

20. He told Garcia that she needed to leave the facility immediately and get something written from her doctor that could give him a "complete understanding of [Garcia's] situation."  Garcia responded by stating that she would meet with her doctor because he would determine what accommodation she needed based on her condition but assured the manager that the accommodation would not interfere with her performance.

21. The manager continued on to tell Garcia that Defendant couldn't allow her to work because they "didn't know what they were dealing with."  He stated that Defendant needed something from a medical professional saying that it

was safe for Garcia to work for Defendant. Garcia was then immediately escorted off of the property.

22. Garcia went to visit her doctor to obtain a statement so that she could return to work. Her doctor told her that her condition would not prevent her from performing her job safely and that he did not know what Defendant wanted to go in the note.

23. On or around February 16, 2018, Garcia contacted the Sales Manager to get clarification on what Defendant wanted from her doctor. However, the manager admits that he did not return Garcia's phone call.

24. On or about February 26, 2018, Garcia filed a Charge of Discrimination with the EEOC, which was served on Defendant on or about March 7, 2018. In March 2018, Defendant filled Garcia's position.

25. Garcia was qualified to perform the essential functions of the Custom Framer job with or without a reasonable accommodation. However, Defendant terminated her employment because of her disability and/or because Defendant believed that Garcia's mental impairment prevented her from performing her job.

26. The effect of the practices complained of above have been to deprive Garcia of equal employment opportunities and otherwise adversely affect her

status as an employee because of her disability status and her request for a reasonable accommodation under the ADA.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Garcia.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from discharging employees based on an actual or perceived disability, retaliating against employees for requesting a reasonable accommodation under the ADA, and otherwise engaging in any other employment practice which discriminates on the basis of disability status.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Garcia whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Garcia whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E. Order Defendant to make Garcia whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to Garcia for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT-ZIMBABWE
Supervisory Trial Attorney

| | |
|---|---|
| January 7, 2020<br>Date | s/ Steven A. Wagner<br>Steven A. Wagner<br>Trial Attorney<br>Georgia Bar No. 000529<br>steven.wagner@eeoc.gov |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6897 (direct)
(404) 562-6905 (facsimile)