IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : | 2:20-CV-00004-RWS-JCF |
| HERITAGE CHARITY AUCTIONS & AWARDS, INC., | : : : : | |
| Defendant. | : : | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a) (hereinafter, the "ADA"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Heritage Charity Auctions & Awards, Inc. ("Defendant") discriminated against Charging Party Rachel Garcia ("Garcia") by terminating her employment because of her disability and/or in retaliation for requesting an accommodation under the ADA. This Agreement shall not be deemed or construed as an admission by the Defendant of wrongdoing or evidence of any liability or unlawful conduct of any kind.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA, including by terminating their employment due to an alleged or perceived disability or because the person requested an accommodation.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3.      Defendant shall pay Garcia the sum of Nineteen Thousand Dollars ($19,000.00) in settlement of the claims raised in this action. The settlement amount consists of $10,000 in back pay damages and $9,000 in compensatory damages. Defendant shall make payment by issuing checks payable as agreed by Defendant and the Commission. Payment shall be made in two installments as follows: Installment 1 shall consist of the $10,000 in back pay damages to be paid within ten (10) calendar days of the entry of this Consent Decree, and Installment 2 shall consist of the $9,000 in compensatory damages to be paid within (30) calendar days of the Installment 1 payment. Defendant shall mail the checks as agreed by Defendant and the Commission. Within ten (10) calendar days after the respective checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery. Neither the Commission nor Defendant make any representations about or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Garcia may or may not incur on such payments under local, state and/or federal laws. It is acknowledged that the damages agreed to herein constitute a debt owed and collectible by the United States.

If any monetary payment due under this Decree is not made within ten (10) business days after the date on which it is due, Defendant understands and agrees that it will be considered to be in default of the monetary settlement terms of this Decree. Upon making a requisite showing to the Court of Defendant's default in this

matter by the EEOC, Defendant further consents to the Court entering a default judgment against it in the amount of Twenty-nine Thousand Dollars ($29,000.00), less any amounts previously paid, plus pre-judgment interest accruing from the date of Defendant's default to the date that the Court awards the default judgment.

4. Within ten (10) business days of the entry of this Consent Decree, Defendant shall eliminate from any of Garcia's employment records, all documents, entries, or references of any kind, relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2018-03606 and the related events that occurred thereafter, including this litigation. Within ten (10) business days of the entry of this Consent Decree Defendant agrees to classify Garcia's separation from employment as a voluntary resignation in all of its employment records. Defendant shall report compliance with this provision to the Commission within seven (7) business days of completion.

5. Defendant shall provide Garcia with a positive letter of reference using the form attached hereto as Exhibit "A." Within fifteen (15) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Garcia at an address provided by the Commission. Garcia is free to disseminate the letter to potential employers. Defendant agrees that it will confirm Garcia's dates of employment and last position held, provided all such inquiries are directed to Dennis Gibson, President, at dgibson@heritagecaa.net or 770-888-7787.

During the term of this Consent Decree, if Dennis Gibson is no longer the President or appropriate contact person, Defendant agrees to provide the name and contact information for the replacement contact person.

6. Within thirty (30) business days of the entry of this Consent Decree, Defendant shall implement and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against discrimination based on disability; Defendant's efforts to provide reasonable accommodations for individuals covered under the ADA, including interactive communications and individualized assessments to determine what accommodations would be reasonable and effective given the circumstances of each disabled individual; designation of specific individuals or positions to which requests for accommodations should be directed by applicants or employees; procedures for reporting discrimination; and a procedure for the thorough and prompt investigation of employee complaints of discrimination and retaliation. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 30-day time period. Within seven (7) business days of dissemination of this policy, Defendant shall report its compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees within seven (7) business days of hire.

7. Within thirty (30) business days of the entry of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6 above in its facility in Cumming, Georgia, in a place where it is visible to all employees. The policy shall be posted and maintained for the duration of this Consent Decree. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy. Within seven (7) business days of the posting of this policy, Defendant will report compliance with this provision to the Commission.

8. Within ninety (90) business days of the entry of this Consent Decree, Defendant shall provide a one (1) hour training program to all its employees, including owners, managers, and supervisors. Subsequent training programs shall be conducted annually beginning one year after the first session until the expiration of the Consent Decree. The trainings shall be led by an ADA compliance specialist, the name and title of which will be provided by Defendant to the EEOC fifteen (15) business days prior to each training session. Each training program shall promote Defendant's compliance with federal anti-discrimination laws, with an emphasis on Defendant's obligations under the ADA to not discriminate against qualified individuals based on their disabilities; Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities, through an interactive process, which permit the individuals to perform the essential functions of the position held or desired and/or to enjoy equal benefits and privileges of employment;

and include an explanation of the ADA's prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

At least fifteen (15) business days prior to each training, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within seven (7) business days after completion of each training program, Defendant shall certify to the Commission the specific training that was undertaken. This certification shall include the dates, times, locations of the training, and the identities of all trainers and attendees.

9. Within ten (10) business days after the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit "B," hereby made a part of this Consent Decree, in a place where it is visible to all employees at its facility in Cumming, Georgia. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within seven (7) business days of the posting of this Notice, Defendant will report compliance with

this provision to the Commission.

10. During the term of this Consent Decree, Defendant shall provide the Commission with semi-annual reports, with the first being due six (6) months after entry of this Consent Decree. The reports will include the following information to the extent known by Defendant:

    A. the identities of all individuals whose employment status has changed due to termination, demotion or promotion since Defendant learned of the individual's physical or mental impairment, including by way of identification each person's name, address, telephone number, and position;

    B. for each individual whose employment status has changed as identified in 10.A. above, a statement explaining the reasons for the change in employment status;

    C. the identities of all individuals who requested an accommodation for a physical or mental impairment, the accommodation request, the date of the request, whether the request was granted or denied, and the date of the decision; and

    D. for each individual identified in 10.C. above whose accommodation request was denied, a statement explaining the reasons for denial, including the name and job title of the decisionmaker.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facility in Cumming, Georgia, interview employees, and examine and copy documents upon seventy-two

(72) hours' notice to Defendant's legal counsel, David Mohl, Esq. at David.Mohl@jacksonlewis.com.

12. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Dennis Gibson, dgibson@heritagecaa.net, and to Defendant's legal counsel, David Mohl, david.mohl@jacksonlewis.com. If Defendant's designated point of contact changes at any time during the term of this Consent Decree, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-

ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette Sewell, Regional Attorney, Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

16. Each party shall bear its own costs and attorneys' fees.

17. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed and entered this ___8TH___ day of ___Jan._____, 2020.

_____
_____, District Judge
United States District Court, Northern District of Georgia

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **FOR PLAINTIFF**<br>**U.S. EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION** | **FOR DEFENDANT HERITAGE**<br>**CHARITY AUCTIONS &**<br>**AWARDS, INC.** |
| SHARON FAST GUSTAFSON<br>General Counsel | _/s/David S. Mohl_<br>David S. Mohl, Esq. (by SAW w/permission)<br>Georgia Bar No. 515298 |
| JAMES L. LEE<br>Deputy General Counsel | Jackson Lewis P.C.<br>171 17th Street, N.W., Suite 1200<br>Atlanta, Georgia 30363 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | |
| Antonette Sewell<br>Regional Attorney | Tel: (404) 586-1808<br>Fax: (404) 586-1173<br>Email: david.mohl@jacksonlewis.com |
| Lakisha Duckett-Zimbabwe<br>Supervisory Trial Attorney | |
| _/s/Steven A. Wagner_<br>Steven A. Wagner<br>Trial Attorney | |
| EEOC - Atlanta District Office<br>100 Alabama St. S.W., Suite 4R30<br>Atlanta, Georgia 30303<br>Tel.:  (404) 562-6897<br>Fax:  (404) 562-6905<br>Email: steven.wagner@eeoc.gov | |

# EXHIBIT "A"

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Rachel Garcia.

Rachel Garcia was employed by Heritage Charity Auctions & Awards, Inc., from September 2017 through February 2018. Ms. Garcia was most recently employed as a Custom Framer. Her ending hourly wage was $11.00 per hour.

We hope that this information about Ms. Garcia is helpful to you in considering her for employment.

Sincerely,

_____
[Parties to agree upon signature to letter]

# EXHIBIT "B"



# EMPLOYEE NOTICE

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Heritage Charity Auctions & Awards, Inc., in a case of discrimination based on disability. Specifically, the EEOC alleged that Defendant discriminated against a former employee by discharging her because of her disability and/or because she requested a reasonable accommodation, in violation of the Americans with Disabilities Act, as amended. Heritage Charity Auctions & Awards, Inc., denies that it engaged in wrongdoing or any unlawful conduct. As part of the settlement, Defendant agreed to pay monetary damages to the former employee and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Heritage Charity Auctions & Awards, Inc., will comply with such federal law in all respects. Furthermore, Heritage Charity Auctions & Awards, Inc., will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance or participation in any investigation, proceeding or hearing

conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact: **Equal Employment Opportunity Commission at 1-800-669-4000 or TTY: 1-800-669-6820**.

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL:** _____, 20\_\_\_.